UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILDRED J. VANDAM,

    Plaintiff,

v.                                                           Case No. 1:18-cv-409
                                                           Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

## OPINION

       Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB) and supplemental security income (SSI).

       Plaintiff alleged a disability onset date of January 7, 2011. PageID.215. Plaintiff identified her disabling conditions as degenerative disc disease; bulging discs 14-15; bulging disc in lumbar spine L4-L5; degenerative disc disease; and a "future spinal fusion 03.22.2012". PageID.218. Prior to applying for DIB and SSI, plaintiff completed the 11th grade. PageID.92, 314. The nature of plaintiff's previous employment has been an issue in resolving her disability claim. As the administrative law judge (ALJ) explained:

> This case is before the undersigned Administrative Law Judge on remand from the Appeals Council pursuant to a remand from the United States District Court for the United States District Court Western District of Michigan. The claimant appeared and testified at a hearing held on November 29, 2016, in Grand Rapids, Michigan. Shannon E. Smith, an impartial vocational expert, also appeared at the hearing. The claimant is represented by Jameson A. Young, an attorney.

1

> Pursuant to the District Court remand order, the Appeals Council has directed the undersigned to obtain clarifying vocational expert testimony about the nature of the claimant's past relevant work. In particular, obtain information regarding the proper classification of the claimant's past relevant work -- whether it is a cashier job with extra duties as actually performed or whether it is a composite job. If the past relevant work is a composite job, then the claimant cannot perform the work as generally performed (Exhibit 8A; 10A).

PageID.462. On remand, the ALJ reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on January 5, 2017. PageID.462-473. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

### I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).

Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant

is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ's DECISION

Plaintiff's claim failed at the fourth step. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 7, 2011, and that she met the insured status of the Social Security Act through December 31, 2016. PageID.464. At the second step, the ALJ found that plaintiff had severe impairments of: disorders of lumbar and cervical spine; otology disorders; fibromyalgia; and obesity. PageID.465. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.466.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to lifting up to twenty pounds occasionally and ten pounds frequently; standing and walking for about six hours and sitting for up to six hours in an eight-hour workday with normal breaks. She cannot climb ladders, ropes or scaffolds. The claimant is limited to occasional climbing of ramps or stairs, occasionally crawling. The claimant needs to avoid concentrated use of moving machinery and exposure to unprotected heights.

PageID.466-467. The ALJ also found that plaintiff was able to perform her past relevant work as a cashier checker, which does not require the performance of work-related activities precluded by

4

plaintiff's residual functional capacity (RFC). PageID.471. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from January 7, 2011 (the alleged onset date) through January 5, 2017 (the date of the decision). PageID.472.

### III. DISCUSSION

Plaintiff set forth two issues on appeal:

**A. The Commissioner's adjudicator committed reversible error when he failed to support his Step Four conclusion that plaintiff could perform her past relevant work as a cashier. Specifically, the ALJ ignored the opinion of the vocational expert (VE) who testified at plaintiff's administrative hearing the plaintiff's past relevant work was generally performed at a medium exertion level in the national economy. The ALJ assessed plaintiff RFC which allowed for the performance of light work. Adoption of the VE's opinion would have resulted in a finding of disability and the ALJ's failure to provide any explanation why he rejected the opinion fails to support his Step Four conclusion with substantial evidence.**

It is the claimant's burden at the fourth step of the sequential evaluation to show an inability to return to any past relevant work. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980). To support a finding that a claimant can perform his or her past relevant work, the Commissioner's decision must explain why the claimant can perform the demands and duties of the past job as actually performed or as ordinarily required by employers throughout the national economy. *See Studaway v. Secretary of Health & Human Services*, 815 F.2d 1074, 1076 (6th Cir.1987); 42 U.S.C. § 423(d)(2)(A) ("[a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy"). An ALJ may use a VE's services in determining whether a claimant can perform his past relevant work. 20 C.F.R. § 404.1560(b)(2) (a VE "may offer relevant evidence within his or her expertise or knowledge

5

concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy").

The ALJ addressed this issue as follows:

> Based on the claimant's documented vocational background, the claimant's hearing testimony, and the hearing testimony of the vocational expert, the undersigned finds the claimant's work in the occupations described below is past relevant work because the claimant performed it prior to the period being adjudicated and within 15 years of the date of this decision, for a sufficient length of time to learn it and provide average performance, and at the level of substantial gainful activity:
>
> 1. Child Monitor, representative DOT [*Dictionary of Occupational Titles*] code 301.677-010, medium, semiskilled (SVP 3), as generally performed pursuant to the DOT, and actually performed as medium, semiskilled (SVP 3) work as described by the claimant; and
>
> 2. Cashier/Checker, representative DOT code 211.462-014, light, semiskilled (SVP 3), as generally performed pursuant to the DOT, and actually performed as medium, semiskilled (SVP 3) work as described by the claimant.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform her past relevant work as a cashier checker as generally performed.
>
> In addressing the order from the Appeals Council, the vocational expert testified the claimant's positions as a Cashier/Checker was not a composite job. The claimant's testimony was that she did not perform just a checker position for a significant portion of the day and then just a stocker position such that it would be a "stock clerk" position in the DOT. Rather, she testified she would re-stock the items left at her checkout lane or at the return counter. The vocational expert testified the language within the DOT description of Cashier/Checker duties includes stocking shelves and marking prices on items, which is how the claimant described her position. Again, the vocational expert testified the claimant's position at Walmart was not a composite job and she could return to her prior work as a Cashier/Checker as generally performed in the national economy as described by the DOT. Accordingly, the undersigned accepts the vocational expert's testimony and finds the claimant can return to her past relevant work as Cashier/Checker as generally performed in the national economy.

PageID.472.

The VE testified that the *DOT* classified plaintiff's past work at Walmart as a cashier/checker as light work. PageID.2150. The VE also testified that the plaintiff performed her past job at Walmart at the medium level of work. PageID.2150. The VE testified that given her RFC, plaintiff could perform the cashier/checker job per the *DOT's* job description (light work) but not as it was performed at Walmart (medium work). PageID.2151. Plaintiff contends that the VE's testimony as to how plaintiff performed the job at Walmart should control. The Court disagrees. At Step 4, a claimant is not disabled if she can meet the requirement of her work as actually performed or as ordinarily required by employers throughout the national economy. *See Studaway*, 815 F.2d at 1076. In this regard, plaintiff was required to "prove an inability to return to h[er] former type of work and not just to h[er] former job." *Id*. Accordingly, plaintiff's claim is denied.

> **B. The Commissioner further erred in assessing an RFC which was not supported by substantial evidence or the relevant legal standards. Specifically, the ALJ failed to address two different treating source opinions which contradicted the RFC he assessed and would have resulted in a finding of disability had they been adopted. Social Security's regulations provide its adjudicators will consider every medical opinion they receive. 20 C.F.R. 404.1527(c). The ALJ's failure to do so resulted in his assessing an RFC which was not supported by substantial evidence or the relevant legal standards. This finding is further undermined by the fact that no medical expert had reviewed Ms. VanDam's medical records for over four and a half years at the time the most recent decision was issued.**

Plaintiff contends that the ALJ failed to consider a permanent instruction from her treating back surgeon, Dr. Keller (Exh. 9F, PageID.382), and an opinion from her treating pain management specialist, Dr. Hinshaw (Exh. 28F, PageID.1229).

7

1. **Dr. Keller**

Plaintiff has not directed the Court to any opinion signed by Dr. Keller. The cited restriction which referenced Dr. Keller, a neurosurgeon, appeared in a summary of medical provider information filed by plaintiff's representative on June 12, 2012. PageID.382. The summary stated that sometime between, March 1, 2012 and June 14, 2012:

> Dr. said claimant needs to wear a back brace for 1 more week and one more month of the bone stimulator. Dr. put claimant on permanent restrictions of no bending, lifting, or twisting. Dr. said claimant will need upper back surgery in 5-7 years.

PageID.382. The Court has found no opinion in the record signed by Dr. Keller. In reviewing plaintiff's medical record, the ALJ found that:

> After reviewing objective imaging and a physical examination, surgeon, John Keller, M.D., referred the claimant for a L2-Sl decompression and fusion with instrumentation (Exhibit 28F/2). The claimant was instructed to quit smoking, but her urine tests continued to test positive (Exhibit 28F/6). She testified at the most recent hearing the surgery had not been scheduled, as she has to be smoke free for six months. It has been more than 18 months since the recommendation for surgery.

PageID.468. There is no opinion signed by Dr. Keller for the Court to review. Accordingly, this claim of error is denied.

2. **Dr. Hinshaw**

In support of this claim, plaintiff points to progress notes from Dr. Hinshaw from May 13, 2015 (Exh. 27F, p. 84; PageID.1229) where the doctor stated that "'[t]he patient has disabling low back pain and radicular symptoms' secondary to postlaminectomy syndrome and lumbar foraminal stenosis." Plaintiff's Brief (ECF No. 9, PageID.2173). This statement appeared in a treatment note as part of plaintiff's pain management plan:

> The patient has disabling low back pain and radicular symptoms. A variety of conservative therapeutic interventions including activity modification, physical therapy, and medications have provided inadequate relief. MRI identified L3-4 stenosis. Physical exam also suggests radicular component. There is associated functional impairment as measured by Oswestry disability index. Therefore, I

> would strongly recommend a trial of epidural steroid injections to see if we can decrease pain and improve function. Levels selected right L3 TFESI are based upon the history, examination, imaging and pain diagrams. The procedure is reviewed with the patient who expresses understanding and wishes to go forward. ESI is often done in a series of two to three injections. We generally do not do more than 3 at any one spot within 6 months.

PageID.1229.

The ALJ did not address Dr. Hinshaw's statement as opinion evidence. *See* 20 C.F.R. §§ 404.1527(a)(1) and 416.927(a)(1) ("Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.") In this regard, Dr. Hinshaw's treatment note was not an opinion because it did not express any opinions regarding plaintiff's functional impairments, *i.e.*, what plaintiff can still do despite her impairments and physical restrictions.

Even if the doctor's statement that plaintiff "has disabling low back pain" appeared in an opinion, this statement would not be binding on the ALJ. *See* 20 C.F.R. §§ 404.1527(d)(1) and 416.927(d)(1) ("[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that you are disabled"). Such statements, by even a treating physician, constitute a legal conclusion that is not binding on the Commissioner. *Crisp v. Secretary of Health and Human Services*, 790 F.2d. 450, 452 (6th Cir. 1986). The determination of disability is the prerogative of the Commissioner, not the treating physician. *See Houston v. Secretary of Health and Human Services*, 736 F.2d 365, 367 (6th Cir. 1984). Accordingly, this claim of error is denied.

## IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.

Dated: September 30, 2019 /s/ Ray Kent
United States Magistrate Judge